147 So. 914

**ZETA LAND CO., Inc., v. LEWIS (SLADO-VICH, Intervener).**

No. 31988.

March 27, 1933.

Rehearing Denied May 1, 1933.

George Sladovich, Sr., of New Orleans, Tax Title Holder and Possessor, for appellant.

H. W. & H. M. Robinson, of New Orleans, for appellee.

ST. PAUL, Justice.

Plaintiff, as the holder of certain notes secured by mortgage, sued out executory process, and thereunder seized the mortgaged property. Thereupon George Sladovich, Jr., intervened herein, claiming the property seized as belonging to him by virtue of certain tax sales, and prayed for an injunction restraining the sale; as he had a right to do. C. P. art. 298, No. 7.

He also included in his petition a demand for rents, damages, and fines; which demand is, of course, utterly untenable.

The trial judge refused to issue an injunction without bond, and the intervener either could not or did not furnish bond. Accordingly, no injunction issued, and the sheriff proceeded to sell the property, and the same was bought in by plaintiff.

Whereupon intervener filed a supplemental petition praying that the sale be set aside and annulled.

To this petition the plaintiff (defendant in injunction) filed an exception of no cause of action which exception was sustained by the trial judge; and the intervener appeals.

We think the trial judge erred. The sale of a thing belonging to another person is null, R. C. C. art. 2452, and manifestly the owner of the property sold has an interest and a

right of action to have the nullity of the sale declared.

Of course the petition shows no cause of action as to the untenable demand above mentioned, and the only matter to be considered is whether the intervener has a valid tax title to the property. If he has, the sale should be annulled; if he has not, his suit should be dismissed. That is the sole issue properly before the court; and the inquiry should be restricted solely to that issue.

### Decree.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that the case be remanded to the lower court to be there proceeded with according to law.